UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

TARONIS FUELS, INC., et al.

        Defendants.

Case No. _____

## CONSENT OF DEFENDANT TARONIS FUELS, INC.

1. Defendant Taronis Fuels, Inc. ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violations of Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] and Sections 10(b), 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Securities Exchange Act of 1934

EXHIBIT A

    ("Exchange Act") [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B)] and Rules 10b-5, 12b-20, 12b-25, 13a-11, and 13a-13 [17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.12b-25, 240.13a-11, and 240.13a-13] thereunder; and

  (b) orders Defendant to pay disgorgement in the amount of $4,876,023, plus prejudgment interest thereon in the amount of $231,877.50, for a total of $5,107,900.50.

3. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will

constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant

understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

10.   Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: ~~June~~ July 11, 2022

Taronis Fuels, Inc.
By: _R. Jered Ryk_ (signature)
[Name of person signing for entity] R. Jered Ryk
[Title] President - CEO
[Address] 24950 N. 83rd Suite 100 Peoria, AZ 85382

On ~~June~~ July 11, 2022, R. Jered Ryle, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Taronis Fuels, Inc., as its President - CEO.

_____
Notary Public
Commission expires: 1-3-26

GREGORY S. FERGUESON
Notary Public
State of Texas
ID # 12408018-1
My Comm. Expires 01-03-2026

5

Approved as to form:

_____
Brian Neil **Hoffman, Esq.**
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8043
Email: BNHoffman@hollandhart.com
Attorney for Defendant, Taronis Fuels, Inc.

## TARONIS FUELS, INC.
## CERTIFICATE OF CORPORATE RESOLUTION

I, _Ronald Jared Ryle_, do hereby certify that I am the duly elected and qualified _President-CEO_ of Taronis Fuels, Inc. ("Taronis Fuels" or "Corporation"), a Delaware corporation, and that the following is a complete and accurate copy of a resolution adopted by the Board of Directors of Taronis Fuels at a meeting held on _July 11_, 2022, at which a quorum was present and resolved as follows:

**RESOLVED:** That _Ronald Jared Ryle_, an Officer of this Corporation, be and hereby is authorized to act on behalf of the Corporation, and in his sole discretion, to negotiate, approve, and make the offer of settlement of Taronis Fuels, attached hereto, to the United States Securities and Exchange Commission ("Commission") in connection with the investigation conducted by the Commission; in this connection, the aforementioned Officer be and hereby is authorized to undertake such actions as he may deem necessary and advisable, including the execution of such documentation as may be required by the Commission, in order to carry out the foregoing.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate as a sealed instrument this _11_ day of _July_, 2022.

Taronis Fuels, Inc.
By: _R Ryle_
[Name of person signing for entity] _R Jared Ryle_
[Title] _President - CEO_
[Address] _22480 N. 83rd Suite 100 Peoria, AZ. 85382_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _July 11th_, 2022.

_R Ryle_
[Name of person signing for entity]