UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:22-cv-01939-TPB-AAS

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

TARONIS TECHNOLOGIES, INC. (n/k/a
BBHC, INC.), TARONIS FUELS, INC.,
SCOTT DAVID MAHONEY, and
TYLER BURNETT WILSON,

        Defendants.
_____/

## Uniform Case Management Report

**1. Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference via telephone on Friday, September 30, 2022 and Tuesday, October 4, 2022. The following counsel attended the conference:

- Christine Nestor for Plaintiff Securities and Exchange Commission.

- Adam Schwartz for Defendant Tyler B. Wilson.

- Alejandro Soto for Defendant Scott D. Mahoney.

- Counsel for Defendant Taronis Fuel, Inc. did not attend the planning conference as Taronis Fuels has previously entered into a full settlement of this

matter that is pending the Court's consideration and entry of final judgment. See DE 3.

- Defendant Taronis Technologies, Inc. has not appeared and the clerk entered a default on September 23, 2022. See DE 18. The Commission intends to move for a default judgment within the time permitted under Local Rule 1.10.

**2. Deadlines and Dates**

a. <u>Narrow Issues Remain Related to Defendant Mahoney</u>

Pending before the Court is Plaintiff's unopposed motion for entry of judgment against Mahoney. See DE 4. Prior to the filing of Plaintiff's suit, Mahoney entered into a Consent pursuant to which Mahoney, without admitting or denying the allegations of the complaint, agreed to the entry of a judgment that includes permanent injunctions, bars, and orders Mahoney to a civil penalty. See DE 4-1 and 4-2.

Upon entry of the proposed Judgment against Mahoney, remaining for the Court's determination against Mahoney in this action are the limited issues of whether it is appropriate to order disgorgement of ill-gotten gains and prejudgment interest thereon; reimbursement to Taronis Fuels for all bonuses, incentive-based and equity-based compensation, and profits Mahoney received from Taronis Fuels stock sales, pursuant to Section 304(a) of SOX and if so, the amount of the disgorgement, prejudgment interest, and SOX Section 304(a) reimbursement to be ordered against Mahoney. Accordingly, Plaintiff and Defendant Mahoney request a condensed

discovery and briefing schedule to resolve the narrow remaining issues regarding Plaintiff's case against Mahoney.

Plaintiff and Defendant Mahoney request these deadlines and dates:

| Action or Event – Regarding Defendant <u>Mahoney only</u> | Date |
|---|---|
| Deadline for completing discovery related to remaining issues pending against Mahoney. | 2/13/2023 |
| Deadline to file any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 3/6/2023 |
| Deadline for the Commission to file its motion to establish remaining monetary remedies against Defendant Mahoney. | 4/21/2023 |
| Deadline for Mahoney to file response to Commission's motion to establish remaining monetary remedies against Mahoney. | 5/19/2023 |
| Deadline for Commission to file reply to motion to establish remaining monetary remedies against Mahoney. | 6/2/2023 |

Should the parties require additional pages or seek oral argument related to these issues, they will motion the court as required by Local Rule 3.01.

b. <u>Deadlines Related to Defendant Wilson</u>

Defendant Wilson has not consented to the resolution of any of the issues raised by Plaintiff against him. As such, the discovery and trial schedule for Plaintiff's lawsuit against Defendant Wilson should follow a more standardized trial track for complex

securities litigation. Accordingly, Plaintiff and Defendant Wilson request these deadlines and dates:

| Action or Event – Regarding Defendant Wilson | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 11/14/2022 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 11/14/2022 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 7/28/2023 |
| Defendant's deadline for disclosing any expert report. | 8/28/2023 |
| Deadline for disclosing any rebuttal expert report. | 9/25/2023 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 10/23/2023 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 11/20/2023 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>Plaintiff and Defendant Wilson are conferring regarding the selection of a mediator and will identify the mediator within the next 30 days. | 11/3/2023 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 3/1/2024 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 3/8/2024 |

| | |
|---|---|
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 3/15/2024 |
| Month and year of the trial term. | 4/1/2024 |

The trial as to Defendant Wilson will last approximately 10 - 15 days and will be a

☒ jury trial as to liability.  Issues of remedies will be resolved by the Court after the jury trial.  The remaining issues related to the case against Mahoney will be resolved by the Court and not by jury trial.

☐ non-jury trial.

3. **Description of the Action**

In a few sentences, describe the nature of the action and its complexity.

Plaintiff brought this case on August 24, 2022 against Defendants alleging violations of several federal securities laws, including anti-fraud laws and numerous reporting requirements.  Among other things, Plaintiff alleges Taronis Tech and Taronis Fuels, and their former CEO, Mahoney, issued materially false and misleading press releases touting agreements and relationships with customers that did not exist or were exaggerated. In addition, Plaintiff alleges Mahoney and Taronis Fuels' former CFO, Wilson, took certain improper actions resulting in Taronis Fuels wrongfully recognizing revenue in the second and third quarters of 2020.  During the relevant time, Taronis Fuels raised approximately $30 million from investors in private placements, while making representations and warranties that its financial statements in SEC filings were prepared in accordance with Generally Accepted Accounting

Principles (GAAP).  In April 2021 Taronis Fuels, while under new management, issued a filing stating that Taronis Fuels's previously issued financial statements for the year ended December 31, 2019 and for each of the interim quarterly periods in fiscal 2020 should not be relied upon, for reasons including errors in revenue recognized from sales and under-reporting of cost of goods sold.  Taronis Fuels, however, never restated its financial statements prior to filing to terminate its registration with the SEC.  For Defendants' violations, Plaintiff seeks permanent injunctions, bars, and monetary relief as set forth in greater detail in the complaint.

4. **Disclosure Statement**

Plaintiff and Defendant Taronis Fuels have filed their disclosure statements as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.  See DE 15 and 16.  Defendants Mahoney and Wilson have not filed disclosure statements but will do so on or before October 14, 2022.

5. **Related Action**

☒     The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

    The parties submit the following discovery plan under Rule 26(f)(2):

    A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

        ☒ Yes.

        ☐ No; instead, the parties agree to these changes: enter changes.

    B.  Discovery may be needed on these subjects:

    Whether Defendants violated the provisions of the federal securities laws as alleged by the Plaintiff in the complaint; whether the monetary and non-monetary remedies sought by the Plaintiff are appropriate against the Defendants; the amount of monetary relief, if any, to be awarded; discovery related to Defendants' affirmative defenses, if any; discovery related to the opinions of any retained experts.

    C.  Discovery should be conducted in phases:

        ☒ No. However, discovery related to the narrow issues remaining as to Defendant Mahoney will proceed on an expedited basis as set forth in the proposed schedule in Section 2a above.

☐   Yes.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒   No. None at this time. The parties will endeavor to resolve any issues if they arise.

☐   Yes.

E.  ☒   The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

The parties have agreed that in the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced, the producing party may request that the document be returned. In the event that such a request is made, the parties and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒  No. Except as to the potential deposition of Defendant Mahoney which Plaintiff and Defendant Wilson might request be taken in more than one sitting.

☐  Yes.

10. **Request for Special Handling**

☐  The parties do not request special handling.

☒  The parties request special handling. Specifically, Plaintiff and Defendant Mahoney request a discovery and briefing schedule for the issues remaining as to **Mahoney only**. The schedule is set forth above in Section 2a.

☐  Enter party's name unilaterally requests special handling.

11. **Certification of familiarity with the Local Rules**

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

s/Christine Nestor
Christine Nestor, Esq.
Senior Trial Counsel
Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, FL 33131
(305) 982-6367
nestorc@sec.gov
Florida Bar No. 597211
*Counsel for Plaintiff SEC*

s/Adam Schwartz
Adam Schwartz, Esq.
Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, FL 33131
Tel: 305.350.5116
Email: aschwartz@homerbonner.com
Florida Bar No. 83178
*Counsel for Defendant Wilson*

s/Alejandro O. Soto
Alejandro O. Soto, Esq.
Fridman Fels & Soto, PLLC
2525 Ponce de Leon Blvd., Suite 750
Coral Gables, FL 33134
(305) 569-7701
asoto@ffslawfirm.com
Florida Bar No. 0172847
*Counsel for Defendant Mahoney*

## **CERTIFICATE OF SERVICE**

I certify that on October 11, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record or by means denoted below upon the below list.

Brian Neil Hoffman, Esq.
Holland & Hart LLP
555 17th Street, Suite 3200
Denver CO 80202
Tel: 303.295.8043
Email: BNHoffman@hollandhart.com
*Counsel for Defendant Taronis Fuels Inc.*
*Via CM/ECF*

By: s/Christine Nestor