UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:22-cv-01939-TPB-AAS

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

v.

TARONIS TECHNOLOGIES, INC. (n/k/a
BBHC, INC.), et al.

       Defendants.
_____/

### FINAL JUDGMENT AS TO DEFENDANT TARONIS FUELS, INC.

The Securities and Exchange Commission having filed a Complaint and Defendant Taronis Fuels, Inc. ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

### PERMANENT INJUNCTIVE RELIEF

### A.

### Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of

1

the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchase

by directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor about: (A) Defendant's prospects for success; (B) the prospects for success of any of Defendant's products or contracts or any other products marketed and/or sold by Defendant; (C) Defendant's financial statements or financial status, including with respect to revenues, debts, and whether financial statements have been prepared in accordance with generally accepted accounting principles ("GAAP"); or (D) statements about Defendant's business operations, contracts, customers, sales, or products.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**B.**

**Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or

information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor about: (A) Defendant's prospects for success; (B) the prospects for success of any of Defendant's products or contracts or any other products marketed and/or sold by Defendant; (C) Defendant's financial statements or financial status, including with respect to revenues, debts, and whether financial statements have been prepared in accordance with GAAP; or (D) statements about Defendant's business operations, contracts, customers, sales, or products.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

C.

**Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-13 [17 C.F.R. §§ 240.12b-20 and 240.13a-13] thereunder**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-13 [17 C.F.R. §§ 240.12b-20 and 240.13a-13] thereunder by:

(a) failing to file with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15

4

          U.S.C. § 78m(a)], and the rules and regulations promulgated thereunder; or

(b)    filing with the Commission a report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder that (1) contains any untrue statement of material fact; (2) fails to include, in addition to the information required to be stated in such report, such further material information as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading; or (3) fails to disclose any information required to be disclosed herein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**D.**

**Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)]**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by failing to make and

keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions of the company and dispositions of its assets.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### E.

**Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)]**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances, among other things, that (a) transactions are executed in accordance with management's general or specific authorization; (b) transactions are recorded as necessary to permit preparation of financial statements in conformity with GAAP and to maintain accountability for assets; and (c) access to assets is permitted only in accordance with management's general or specific authorization.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal

service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

F.

**Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-11 [17 C.F.R. §§ 240.12b-20 and 240.13a-11] thereunder**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-11 [17 C.F.R. §§ 240.12b-20 and 240.13a-11] thereunder by:

(a) failing to file with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and the rules and regulations promulgated thereunder; or

(b) filing with the Commission a report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder that (1) contains any untrue statement of material fact; (2) fails to include, in addition to the information required to be stated in such report, such further material information as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading; or (3) fails to disclose any information

7

required to be disclosed herein, including, pursuant to Rule 3-05 of Regulation S-X [17 C.F.R. § 210.3-05], separate audited annual and unaudited interim pre-acquisition financial statements of an acquired or to be acquired business, based on the conditions specified in the definition of "significant subsidiary" in Rule 1-02(w) of Regulation S-X [17 C.F.R. § 210.1-02(w)].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

G.

### Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rule 12b-25 [17 C.F.R. § 240.12b-25] thereunder

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rule 12b-25 [17 C.F.R. § 240.12b-25] thereunder by:

(a) failing to file with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15

    U.S.C. § 78m(a)], and the rules and regulations promulgated thereunder;

(b) if any such report is not filed within the time period prescribed for such report, failing to file, no later than one business day after the due date for such report, a Form 12b-25 with the Commission, containing disclosure of its inability to file the report timely and the reasons therefore in reasonable detail, as well as any anticipated, significant changes in results of operations from the corresponding period for the last fiscal year, and explanation of the anticipated changes, both narratively and quantitatively, and if appropriate, the reasons why a reasonable estimate of the results cannot be made; or

(c) pursuant to Rule 12b-25(c) [17 C.F.R. § 240.12b-25(c)], if the reason the report cannot be timely filed "relates to the inability of any person, other than the registrant, to furnish any required opinion, report or certification," failing to attach to the Form 12b-25, as an exhibit, a signed statement from that other person, listing the reasons why the other person is unable to furnish such "opinion, report or certification on or before such report must be filed."

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

## DISGORGEMENT AND PREJUDGMENT INTEREST

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $4,876,023, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $231,877.50, for a total of $5,107,900.50. Defendant shall satisfy this obligation by paying $5,107,900.50 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph III below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Taronis Fuels, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") until further order of this Court. The SEC may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

III.

**PAYMENT PLAN**

Defendant shall pay the total disgorgement and prejudgment interest due of $5,107,900.50 in 4 installment payments to the Commission according to the following schedule:

(1) $1,276,975.12 within 10 days of entry of this Final Judgment;

(2) $1,276,975.13 within 120 days of entry of this Final Judgment;

(3) $1,276,975.12 within 240 days of entry of this Final Judgment; and

(4) $1,276,975.13 within 360 days of entry of this Final Judgment.

Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the scheduled set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## IV.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## V.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: __November 2__, 2022      _____
                                 United States District Judge

Copies to:
Counsel and Parties of Record

13