**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                               Case No. 8:22-cv-1939-TPB-AAS

TARONIS TECHNOLOGIES, INC.
(n/k/a BBHC, INC.),
TARONIS FUELS, INC.,
SCOTT DAVID MAHONEY, and
TYLER BURNETT WILSON,

      Defendant.

_____/

### ORDER DENYING DEFENDANT'S MOTION FOR CHANGE OF VENUE

This matter comes before the Court on "Defendant Tyler Burnett Wilson's Motion for Change of Venue," filed on May 18, 2023. (Doc. 61). Plaintiff Securities and Exchange Commission (the "SEC") filed a response in opposition on June 8, 2023. (Doc. 68). Upon review of the motion, response, court file, and record, the Court finds as follows:

### Background

The SEC initiated this action in the Middle District of Florida, Tampa Division, in August 2022, asserting claims against two corporate entities, Taronis Technologies, Inc. and Taronis Fuels, Inc., and their executive officers, Scott Mahoney and Tyler Wilson. (Doc. 1).[1] Specifically, as to Wilson, the SEC set forth claims against him in 14 of the 24 counts, alleging

---

[1] The Court entered consent judgments against Taronis Fuels, Inc., and Mahoney. (Docs. 32; 33). Mahoney continues to litigate the civil monetary penalties imposed by the SEC. *See* (Docs. 59; 60; 71). Although the Clerk entered a default against Taronis Technologies, Inc. (Doc. 18), the SEC's request for a default judgment was denied without prejudice as to Taronis Technologies, Inc. until final resolution of the claims against Wilson. (Docs. 50; 54).

that he engaged in securities fraud, accounting violations, the filing of fraudulent or misleading financial reports, and aiding and abetting violations committed by Taronis Fuels, Inc.  Initially, Wilson retained counsel to represent him in this matter and moved to dismiss the claims against him, arguing that the complaint represents a shotgun pleading, the SEC failed to allege a plausible claim of securities fraud, the SEC stated no claim for aiding and abetting liability, the SEC failed to allege a plausible claim that Wilson falsified reports or lied to accountants, and the SEC stated no claim for violation under the Securities Exchange Act of 1934 Rule 13a-14, for violation of § 304(a) of the Sarbanes-Oxley Act of 2002, or for control person liability.  (Doc. 34).[2]  Notably absent from Wilson's motion to dismiss is an argument challenging venue in the Middle District of Florida.

Presently, Wilson – a licensed securities attorney – represents himself in this and other matters involving the corporate defendants, including an action to obtain the advancement of legal fees and costs.[3]  According to Wilson, Taronis Fuels, Inc. began to comply with its obligations to advance legal fees and costs after Wilson prevailed in an action in the Court of Chancery for the State of Delaware, but all advancement payments ceased in the early fall of 2022.  Consequently, Wilson contends that he can no longer afford counsel and must provide and finance his own defense in this matter.  As Wilson asserts that he cannot accept the SEC's prior proposed terms to settle the claims against him, he feels he must continue to defend himself at great personal expense.

By the instant motion, Wilson argues that the case should be transferred to the Western District of Washington, Seattle Division, pursuant to 28 U.S.C. § 1404(a).  (Doc. 61).

---

[2]  The motion to dismiss remains under advisement.
[3]  The SEC indicates that, notwithstanding Wilson's assertions to the contrary, Wilson is represented by counsel in an ERISA action proceeding in the District Court for the District of Arizona.  (Doc. 68, at 2).

The SEC responds in opposition, arguing that venue is proper in the Middle District of Florida and consideration of all relevant factors does not support a transfer of venue to the Western District of Washington.

## Legal Standard

Under § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought [...] ."  Among others, venue is appropriate in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" and in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(1) & (2).

Section 1404(a) provides discretion for the court to transfer based upon an "individualized, case-by-case consideration of convenience and fairness" that calls on the court to weigh several case-specific factors.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  To that end, courts engage in a two-step inquiry to determine whether transfer would be appropriate.  *Healthe, Inc. v. High Energy Ozone LLC*, 533 F. Supp. 3d 1120, 1126 (M.D. Fla. 2021).  The first step requires the court to look at whether the action could have been brought in the transferee court.  *Id.*; *Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citation and internal quotation omitted).  In making that determination, courts consider if the court had jurisdiction over the subject matter of the action, if venue is proper there, and if the defendant is amenable to process issuing out of the transferee court.  *Windmere Corp.*, 617 F. Supp. at 10 (citation omitted).

Once the court determines that an action might have been brought in the proposed transferee court, a case may be transferred under § 1404(a) where the court finds convenience and the interest of justice require transfer based on established public and private factors.[4] *See Soliman v. Daimler AG*, No. 6:09-cv-00947-MSS-KRS, 2010 WL 11506980, at *3 (M.D. Fla. Jan. 22, 2010); *see also Trafalgar Cap. Specialized Inv. Fund (In Liquidation) v. Hartman*, 878 F. Supp. 2d 1274, 1282 (S.D. Fla. 2012). The plaintiff's choice of forum receives deference and, as a result, should not be disturbed unless clearly outweighed by other factors. *Robinson v. Giamarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (citation omitted); *Healthe, Inc.*, 533 F. Supp. 3d at 1126 (citation omitted). "Ultimately, transfer can only be granted where the balance of convenience of the parties *strongly* favors the defendant." *Steifel Lab'y, Inc. v. Galderma Lab'y, Inc.*, 588 F. Supp. 2d 1336, 1339 (S.D. Fla. 2008) (citing *Robinson*, 74 F.3d at 260).

## **Analysis**

Wilson carries the burden of persuading the Court that transfer is appropriate and should be granted. *Soliman*, 2010 WL 11506980, at *3; *see In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) ("Thus, in the usual motion for transfer under section 1404(a), the burden

---

[4] These factors include: plaintiff's initial choice of forum; the convenience of the parties and of the witnesses; the availability of process to compel the presence of unwilling witnesses; the cost of obtaining the presence of witnesses; the relative ease of access to sources of proof; the location of relevant documents; the locus of operative facts; the financial ability to bear the cost of the change and relative means of the parties; a forum's familiarity with the governing law; trial efficiency and the interest of justice, based on the totality of the circumstances; the administrative difficulties flowing from court congestion; the local interest in having localized controversies determined at home; and any other practical problems that would make trial of the case easy, expeditious, and inexpensive. *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62 n.6 (2013); *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted); *Botha v. Sony Music Ent.*, No. 8:18-cv-01145-T-33JSS, 2018 WL 7252938, at *2 (M.D. Fla. July 30, 2018) (citations omitted); *Windmere Corp.*, 617 F. Supp. at 10 (citations omitted).

is on the movant to establish that the suggested forum is more convenient.").  Turning first to the issue of whether this action could have been brought in the Western District of Washington, Seattle Division, Wilson focuses on the fact that he presently, and purportedly at all times since and during the pendency of this action, remains a resident of the State of Washington in King County.  Additionally, Wilson argues that, although his alleged acts occurred in Arizona, they were subject to federal regulations covering the entirety of the United States, meaning that any state could provide an appropriate venue for the SEC's claims.

The SEC provides several reasons why it could not have properly brought its case in the Western District of Washington and why the Middle District of Florida provides the proper venue.  As the SEC contends, Wilson's residence provides the only tie to the State of Washington.  Wilson did not set forth facts or evidence that he or any other defendant committed any acts or engaged in any transactions relevant to this case in the State of Washington, that the corporate defendants maintained offices or operations in the State of Washington, or that Mahoney has any ties to the State of Washington, much less resides there.  *See* 15 U.S.C. §§ 77v(a), 78aa(a) (these provisions confer venue in any district where a defendant is found, is an inhabitant, or transacts business and where the offer or sale of a security took place, if the defendant participated); *see also* 28 U.S.C. § 1391(b)(1) (stating that a civil action may be brought in a judicial district in which any defendant resides, *if all defendants are residents* of the State in which the district is located).  In contrast, the SEC alleged, and no party disputed, that Mahoney resides in Arizona; Taronis Technologies, Inc. is a Delaware corporation currently headquartered in Arizona and previously headquartered in Clearwater, Florida; and Taronis Fuels, Inc. is a Delaware corporation headquartered in

Arizona, with operations in Clearwater, Florida, and other Florida locations. (Doc. 1, ¶¶5, 7-9). In addition, Wilson admittedly held positions with both corporate defendants – as Taronis Technologies, Inc.'s general counsel and chief financial officer and as Taronis Fuels, Inc.'s general counsel and chief financial officer – while the corporate defendants operated in the Middle District of Florida. (Doc. 1, ¶10; Doc. 34, at 4). Based on those facts, the SEC established that the Western District of Washington could not have provided the appropriate venue for bringing its claims, as only Wilson resides or has resided in the State of Washington at any time relevant to this action.[5]

Even if Wilson could establish that the action could have been brought in the Western District of Washington, Wilson failed to establish that the public and private factors weigh in favor of transfer.[6] Since the Court maintains discretion to transfer, Wilson contends that it should exercise such discretion to allow him a chance to defend himself at home without the undue burden of litigating on the other side of the country. In response, the SEC argues that Wilson did not meet his burden to transfer venue, the Middle District of Florida is the

---

[5] Wilson also argues that he is the only remaining defendant in this action, so the Court should effectively disregard the residence of the corporate defendants and Mahoney. As indicated, outstanding issues remain at least as to Taronis Technologies, Inc., and Mahoney.

[6] In sum, Wilson asserts that transfer is warranted because he resides in the State of Washington; the SEC could have brought the present action in any state, including Washington, under federal regulations; the Court maintains discretion to transfer venue; all key witnesses "are located west of the Rocky Mountains" or are corporate entities with a national presence or located in the Northeast; all relevant documents can be accessed digitally; Washington is more convenient to Wilson and will relieve him of the economic burden of litigating across the country; the locus of operative facts is anywhere in the United States since the claims fall under the purview of federal securities law; witnesses would likely attend court-related matters in Washington given the proximity to their location primarily in Arizona or would easily be compelled to attend in the Ninth Circuit; the relative means of the SEC significantly exceeds that of Wilson; Wilson is severely prejudiced by litigating and defending this action across the country and therefore should be afforded the opportunity to defend himself on "his home turf"; either forum can address federal securities law; the SEC's selection of forum should not receive much weight; and the trial will proceed more efficiently and equitably if conducted in Washington.

appropriate venue, and the interest of justice, including consideration of all relevant factors, does not favor Wilson.[7]  (Doc. 68).  Upon review, the Court finds that the factors weigh against transfer.

Although Wilson is a resident of the State of Washington, the case has no other ties to the state.  Moreover, Wilson offers little to rebut the SEC's showing that most of the evidence is accessible electronically, many of the witnesses reside in Florida, and, for the witnesses not residing in Florida, the Western District of Washington is no more convenient or cost-effective than the Middle District of Florida for compelling those witnesses to appear.  The SEC properly brought this action in the Middle District of Florida and has diligently litigated this case for nearly 10 months, with continuing efforts to obtain relief against the corporate defendants, Mahoney, and Wilson.  Most of the other factors are neutral, at best.

---

[7]  More specifically, the SEC asserts that Wilson is the only witness located in the State of Washington; several of the witnesses are located in Florida; other witnesses are located in Arizona and throughout the United States, including on the east coast of the United States, so they will be required to travel regardless of venue; Wilson failed to show that any witness is unwilling to travel to the Middle District of Florida; the access to digital records makes venue irrelevant for purposes of access to relevant documents and proof; the Western District of Washington is inconvenient for the SEC, since the case was investigated and is being litigated by staff located in the Miami Regional Office; the SEC does not maintain an office in the State of Washington, so it would incur great expense to the detriment of taxpayers if required to proceed in that venue; Wilson provided no evidence related to his inability to travel to the Middle District of Florida for trial; none of the disputed acts or transactions occurred in the State of Washington; among other things, the corporate defendants, under the supervision of Wilson and Mahoney, conducted business and operated facilities in the Middle District of Florida; nationwide service of process is available for both parties to compel witnesses to appear in the Middle District of Florida; though both courts could interpret federal securities law, this Court has presided over the case for approximately 10 months and has more familiarity with the case; there is a local interest in adjudicating the matter in the Middle District of Florida since the corporate defendants were headquartered in the district, operated facilities in the district, and met with investors in the district; the SEC's choice of forum should receive deference; and trial will be more efficient in the Middle District of Florida, where some witnesses are located and where the SEC's investigative and litigation staff are more closely located.  Given those factors, the SEC contends that Wilson simply seeks to shift inconvenience to the SEC.

In the end, unless there is "a clear difference in convenience, the plaintiff's choice of forum is determinative." *Garay v. BRK Elec.*, 755 F. Supp. 1010, 1011 (M.D. Fla. 1991) (quoting *NTN Bearing Corp. v. Charles E. Scott, Inc.*, 557 F. Supp. 1273, 1279 (N.D. Ill. 1983)). To overcome the SEC's choice of forum, Wilson needed to "make a convincing showing of the right to transfer." *Id.* Wilson failed to make a convincing showing that any convenience the Western District of Washington provides sufficiently outweighs the convenience and practical benefits of keeping the case in the Middle District of Florida. Wilson thus failed to meet his burden to establish a basis for transferring the case to the Western District of Washington. The motion is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant Tyler Burnett Wilson's Motion for Change of Venue" (Doc. 61) is

hereby **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of June, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**