UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                             Case No.: 8:22-cv-1939-TPB-AAS

TARONIS TECHNOLOGIES, INC.
(n/k/a BBHC, INC.), TARONIS FUELS,
INC., SCOTT DAVID MAHONEY, and
TYLER BURNETT WILSON,

    Defendants.
_____/

## ORDER

    Defendant Tyler B. Wilson moves for entry of an order staying discovery pending resolution of his motion to dismiss Plaintiff Security Exchange Commission's (SEC) complaint. (Doc. 72). The SEC opposes the motion. (Doc. 75). Mr. Wilson replied in response to the SEC's opposition. (Doc. 78).

    District courts have inherent power to control their dockets and manage their cases. *Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscaping Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). This inherent power includes the discretion to stay the proceedings. *Andersons, Inc. v. Enviro Granulation, LLC*, No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886 at * 2 (M.D. Fla. Aug. 14, 2014). "Motions to stay discovery pending ruling on a dispositive motion are generally

1

disfavored in this district." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012).[1]

In deciding a defendant's request for a stay of discovery pending a ruling on a dispositive motion, "it is necessary for the court to 'take a preliminary peek' at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). When evaluating whether a motion to dismiss is "clearly meritorious," courts consider whether "any binding Eleventh Circuit authority" clearly requires dismissal of the claims. *See Meyer v. Diversified Consultants, Inc.*, Case No. 3:14-cv-393-J-34JBT, 2014 WL 5471114, at *2 (M.D. Fla. Oct. 29, 2014).  In addition, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014). "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray*, 2012 WL 5471793, at *1.

---

[1] "Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden." Middle District Discovery (2021) § I.E.4.

A preliminary review of Mr. Wilson's motion to dismiss reveals it does not meet the extraordinarily stringent "clearly meritorious" standard. Mr. Wilson also failed to demonstrate prejudice or undue burden if discovery proceeds.[2] Thus, the balance tips in favor of requiring discovery to go forward.

Accordingly, Mr. Wilson's Motion to Stay Discovery (Doc. 72) is **DENIED**.

**ORDERED** in Tampa, Florida on July 20, 2023.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[2] Mr. Wilson's arguments raised in his motion to dismiss—the SEC's complaint was a shotgun pleading and the claims are not adequately plead—even if meritorious, would not preclude the SEC from having an opportunity to file an amended complaint. Thus, even if Mr. Wilson's motion to dismiss is granted, Mr. Wilson failed to establish that dismissal would be with prejudice.