UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:22-cv-01939-TPB-AAS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

TARONIS TECHNOLOGIES, INC. (n/k/a
BBHC, INC.), TARONIS FUELS, INC.,
SCOTT DAVID MAHONEY, and
TYLER BURNETT WILSON,

Defendants.

_____/

## FINAL JUDGMENT AS TO
## DEFENDANT SCOTT DAVID MAHONEY

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Defendant Scott David Mahoney ("Defendant" or "Mahoney"). This Court previously entered a Judgment, by consent, against Defendant which entered injunctive and other relief as well as a civil penalty, but left unresolved the issues of disgorgement, prejudgment interest, and reimbursement pursuant to Section 304(a) of the Sarbanes-Oxley Act ("SOX") (DE 33) ("Judgment").

Mahoney, having entered a general appearance and consented to the Court's jurisdiction over him and the subject matter of this action, has consented to entry of this Final Judgment that incorporates the injunctive and other relief ordered in

1

the prior Judgment (DE 33) nunc pro tunc, and orders Defendant to pay disgorgement, prejudgment interest, and reimbursement pursuant to Section 304(a) of the Sarbanes-Oxley Act ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph X); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.  This Court having accepted Mahoney's Consent, having jurisdiction over Mahoney and the subject matter of this action, and being fully advised in the premises, orders as follows:

## I.

## PERMANENT INJUNCTIVE RELIEF

## A.

## Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omissions of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor about: (A) the prospects for success of any product, contract, or company; (B) the financial statements or financial status of any company, including with respect to revenues, debts, and whether financial statements had been prepared in accordance with generally accepted accounting principles ("GAAP"); or (C) statements about the business operations, contracts, customers, sales, or products of any company.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment and/or the Judgment (DE 33) by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**B.**

**Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or

indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

by directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor about: (A) the prospects for success of any product, contract, or company; (B) the financial statements or financial status of any company, including with respect to revenues, debts, and whether financial statements had been prepared in accordance with GAAP; or (C) statements about the business operations, contracts, customers, sales, or products of any company.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment and/or the

Judgment (DE 33) by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## C.

### Aiding and Abetting Any Violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-11, and 240.13a-13] thereunder

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-11, and 240.13a-13] thereunder, by knowingly or recklessly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] that:

(a)     fails to file with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and the rules and regulations promulgated thereunder; or

(b)     files with the Commission a report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder that (1) contains any untrue statement of material fact; (2) fails to include, in addition to the information required to be stated in such report,

such further material information as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading; or (3) fails to disclose any information required to be disclosed herein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in <u>Federal Rule of Civil Procedure 65(d)(2)</u>, the foregoing paragraph also binds the following who receive actual notice of this Final Judgment and/or the Judgment (DE 33) by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### D.

### <u>Aiding and Abetting Any Violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)]</u>

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [<u>15 U.S.C. § 78m(b)(2)(A)</u>] by knowingly or recklessly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [<u>15 U.S.C. § 78*l*</u>] or any company which is required to file reports pursuant to Section 15(d) of the Exchange Act [<u>15 U.S.C. § 78o(d)</u>] that fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions of the company and dispositions of its assets.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment and/or the Judgment (DE 33) by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**E.**

**Aiding and Abetting Any Violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)]**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by knowingly or recklessly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or any company which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] that fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances, among other things, that (a) transactions are executed in accordance with management's general or specific authorization; (b) transactions are recorded as necessary to permit preparation of financial statements in conformity with GAAP and to maintain accountability for assets; and (c) access to assets is permitted only in accordance with management's general or specific authorization.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment and/or the Judgment (DE 33) by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**F.**

**Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 [17 C.F.R. § 240.13b2-1] thereunder**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 [17 C.F.R. § 240.13b2-1] thereunder, by, directly or indirectly, knowingly falsifying or causing to be falsified any book, record, or account required to be made and kept by Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment and/or the Judgment (DE 33) by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## G.

## Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] thereunder

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by, directly or indirectly, (i) making or causing to be made a materially false or misleading statement to an accountant, (ii) or omitting to state or causing another to omit to state, any material fact necessary in order to make the statements made, in light of the circumstances under which such statements are made, not misleading, to an accountant, in connection with:

    (a)    any audit, review, or examination of the financial statements of the issuer required to be made pursuant to Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)]; or

    (b)    the preparation or filing of any document or report required to be filed with the Commission pursuant to Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] or otherwise.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment and/or the Judgment (DE 33) by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

9

**H.**

**Exchange Act Rule 13a-14(a) [17 C.F.R. § 240.13a-14(a)]**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Exchange Act Rule 13a-14(a) [17 C.F.R. § 240.13a-14(a)], thereby directly or indirectly, as an officer or director of an issuer, from falsely certifying in annual or interim quarterly reports filed with the Commission that, he reviewed the reports, and based on his knowledge, that (a) the reports did not contain any untrue statements or omissions of material fact, (b) the financial statements contained in the reports fairly presented, in all material respects, the financial condition, the results of the operations of the issuer, and its cash flows, and (c) the signing officers were responsible for establishing and maintaining adequate internal controls over financial reporting, had designed and evaluated such controls, and had disclosed any significant deficiencies or material weaknesses or any fraud involving management to the issuer's audit firm and the audit committee of the issuer's board of directors.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment and/or the Judgment (DE 33) by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**I.**

## Section 304(a) of the Sarbanes-Oxley Act of 2002 ("SOX") [15 U.S.C. § 7243(a)]

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 304(a) of SOX [15 U.S.C. § 7243(a)], by failing to reimburse any issuer for any bonus or other incentive-based or equity-based compensation received from the issuer, or any profits realized from the sale of securities of the issuer, during a 12-month period following the first public issuance or filing with the Commission of a financial document for which the issuer is required to prepare an accounting restatement due to the material noncompliance of the issuer, as a result of misconduct, with any financial reporting requirement under the securities laws.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment and/or the Judgment (DE 33) by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**J.**

## Control Person Liability under Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)] for Violations of Sections 10(b), 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B)] and Rules 10b-5, 12b-20, 13a-11, and 13a-13 [17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-11, and 240.13a-13] thereunder

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from, directly or indirectly, controlling any person who violates Sections 10(b), 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B)] and Rules 10b-5, 12b-20, 13a-11, and 13a-13 [17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-11, and 240.13a-13] thereunder, unless Defendant acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment and/or the Judgment (DE 33) by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

## DISGORGEMENT AND PREJUDGMENT INTEREST

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $109,000, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $15,518.82.  Defendant shall satisfy this obligation by paying $124,518.82 to the Securities and Exchange Commission within 10 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Mahoney as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") until further order of this Court. The SEC may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

### III.

### REIMBURSEMENT TO TARONIS FUELS, INC. UNDER SECTION 304(a) OF SOX [15 U.S.C. § 7243(a)]

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for reimbursement of $260,000 pursuant to Section 304(a) of the Sarbanes-Oxley Act [15 U.S.C. § 7243(a)].   Defendant shall satisfy this obligation by paying $260,000 to Taronis Fuels, Inc. ("Taronis") or its successor in interest pursuant to the terms of the payment schedule set forth in paragraph IV below.  Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.

The Commission may enforce the Court's judgment for reimbursement pursuant to Section 304(a) of the Sarbanes-Oxley Act by use of all collection procedures authorized by law.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  Defendant shall pay post judgment interest

on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

### IV.

### PAYMENT PLAN AS TO REIMBURSEMENT UNDER SECTION 304(a) of SOX

Defendant shall pay the total reimbursement due of $260,000 in 4 installment payments to Taronis according to the following schedule:

(1)    $65,000 within 60 days of entry of this Final Judgment; and

(2)    $65,000 within 120 days of entry of this Final Judgment; and

(3)    $65,000 within 180 days of entry of this Final Judgment; and

(4)    $65,000 within 360 days of entry of this Final Judgment.

Payments shall be deemed made on the date they are received by Taronis and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the scheduled set forth above, all outstanding payments under this Final Judgment, including post judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## V.

## CIVIL PENALTY

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for a civil penalty, nunc pro tunc to the Judgment (DE 33), in the amount of $150,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall satisfy this obligation by paying $150,000 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph VI below, nun pro tunc after entry of the Judgment (DE 33).

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment also may be made directly from a bank account via Pay.gov through the SEC website at: http://www.sec.gov/about/offices/ofm.htm.  Defendant also may pay by certified check, bank cashier's check, or United States postal money order, payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Scott David Mahoney as a defendant in this action; and specifying that payment is made pursuant to the Judgment (DE 33).

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of the Judgment (DE 33) pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund") pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of SOX [15 U.S.C. § 7246(a)]. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in the Judgment (DE 33). For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

**VI.**

**PAYMENT PLAN AS TO CIVIL PENALTY**

Defendant shall pay the total civil penalty due of $150,000 in 5 installment payments to the Commission nunc pro tunc to the Judgment (DE 33) according to the following schedule:

(1)     $75,000 within 10 days of entry of the Judgment (DE 33); and

(2)     $18,750 within 90 days of entry of the Judgment (DE 33); and

(3)     $18,750 within 180 days of entry of the Judgment (DE 33); and

(4)     $18,750 within 270 days of entry of the Judgment (DE 33); and

(5)     $18,750 within 360 days of entry of the Judgment (DE 33).

Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Judgment (DE 33).   Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the scheduled set forth above, all outstanding payments under the Judgment (DE 33), including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## VII.

## <u>OFFICER AND DIRECTOR BAR</u>

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 20(e) of the Securities Act [<u>15 U.S.C. §77t(e)</u>] and Section 21(d)(2) of the Exchange Act [<u>15 U.S.C. § 78u(d)(2)</u>], Defendant is prohibited, for a period of five (5) years following the date of entry, nunc pro tunc, of the Judgment (DE 33), from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [<u>15 U.S.C. § 78*l*</u>] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [<u>15 U.S.C. § 78o(d)</u>].

## VIII.

## <u>PENNY STOCK BAR</u>

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(6) of the Exchange [<u>15 U.S.C. § 78u(d)(6)</u>], Defendant is prohibited, for a period of five (5) years following the date of entry, nunc pro tunc, of the Judgment (DE 33), from participating in an offering of penny stock, including acting as a promoter, finder, consultant, agent, or other person who engages in activities with a broker, dealer, or issuer for purposes of the issuance or trading in any penny stock; or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [<u>17 C.F.R. § 240.3a51-1</u>].

## IX.

## <u>INCORPORATION OF CONSENT</u>

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## X.

## <u>BANKRUPTCY NONDISCHARGEABILITY</u>

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, <u>11 U.S.C. §523</u>, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty, and reimbursement under Section 304(a) of SOX [<u>15 U.S.C. § 7243(a)</u>], or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, <u>11 U.S.C. §523(a)(19)</u>.

## XI.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this

Court shall retain jurisdiction of this matter for the purposes of enforcing the terms

of this Final Judgment.

## XII.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal

Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment

forthwith and without further notice.

DONE AND ORDERED in Chambers in Tampa, Florida, this __25th__ day

of _____April_____, 2024.

_____
THOMAS P. BARBER
United States District Judge

Copies to:
Counsel and Parties of Record